UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND, and BUILDING SERVICE 32BJ
SUPPLEMENTAL RETIREMENT AND SAVINGS
FUND,                                                                   **COMPLAINT**

                                    Plaintiffs,

    -against-

US SECURITY ASSOCIATE, INC.,

                                    Defendant.
-----------------------------------------------------------------------X

        Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"), Building Service 32BJ Legal Services Fund ("Legal Fund"), Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), and Building Service 32BJ Supplemental retirment and Savings Fund ("SRSP Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm & Ganchrow, LLP, as and for their Complaint against US Security Associate Inc. ("Defendant"), respectfully allege as follows:

### NATURE OF ACTION

        1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pre-paid legal services benefit fund, an employee training, scholarship

and safety benefit fund and an employee annuity fund, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or remit the required monetary contributions and reports to the Funds, as parties contractually bound by the collective bargaining agreements (as hereinafter defined). This Complaint alleges that by failing, refusing or neglecting to pay and remit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendants in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are

employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, pension benefits, pre-paid legal services and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, in the City, County, and State of New York.

       5.       The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street,, in the City, County, and State of New York.

       6.       Upon information and belief, at all times material hereto Defendant, having offices and operations in various States across the country and having a principal place of business at 42 Broadway, Suite 1836 in the City, County and State of New York 10004, was and continues to be a for-profit New York corporation doing business in various states of the United States, including the States of new York and Pennsylvania, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is and was and is party to collective bargaining

agreements with the Union wherein, *inter alia*, Defendant became obligated to pay and/or remit the required monetary contributions and/or reports to the Funds, for its employees within the units set forth in the Agreements with Union.

## AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANT )

7. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8. Pursuant to the Agreements, there became due and owing to Funds from Defendant benefit contributions and accrued interest on late payments for the period from 2016 to date.

9. The Agreements provide, in pertinent part:

> By agreeing to make the required payments into the Funds, the Employer hereby adopts and shall be bound by the Agreement and Declaration in Trust as it may be amended and the rules and regulations adopted or hereafter adopted by the Trustees of each Fund in connection with the provision and administration of benefits and the collection of contributions....

10. The Trustees of each of the Funds, promulgated rules and regulations relating to delinquent contributions, which require, inter alia, the payments of the delinquent contributions, plus interest calculated at the rate of 9% per annum, assessed from the date contributions were originally due, liquidated damages in an amount equal to 20% of the delinquent contribution, attorney's fees and court costs.

11. The Defendants have fallen delinquent in their monthly contributions owed to the Funds and since 2016 most of the monthly contributions contractually due to the Funds were not paid timely or not paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the amount of unpaid principal of $164,178.27 and accrued

interest to date on the unpaid and late paid principal of $14,529.84.

12. The failure, refusal or neglect of Defendant to make the required contributions to the Funds constitutes a violation of the Agreements between Defendant and the Union with respect to which the Funds are third-party beneficiaries.

13. Accordingly, Defendant is contractually liable to the Funds for benefit contributions and interest in the amounts due for the period set forth above, plus such other or further amounts as will be found due and owing to date, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, together with pre-judgment interest, liquidated damages attorney's fees and costs and disbursements, as provided for under the Agreements.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF ERISA OBLIGATIONS BY DEFENDANTS)

14. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15. Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

16. Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17. Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest

on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

18. Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
#### (PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF AGAINST DEFENDANTS)

19. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 18 of this Complaint, as if fully set forth herein.

20. Pursuant to the terms and conditions of the Agreements, Defendant is required to timely pay remit benefit contributions and reports to the Funds for so long as Defendant remains obligated to do so pursuant to the Agreements.

21. Upon information and belief, Defendant has failed to timely pay and/or remit benefit contributions to the Funds and is currently in breach of its obligations under the Agreements. Defendant's conduct demonstrates a significant likelihood that it will continue to breach the terms of the Agreement.

22. The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreement.

23. As a result of Defendant's omissions and breaches of contract and violations of ERISA, the Funds may be required to (a) deny employee beneficiaries, for whom contributions

have not been made, the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendant's failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

24. The Funds will suffer immediate and irreparable injury unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports to the Funds for so long as Defendant remains obligated to do so pursuant to the Agreements.

25. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise from failing, refusing or neglecting to pay and/or remit the required contributions and/or reports to the Funds for the term of the Agreements.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO ERISA AGAINST DEFENDANTS)

26. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint, as if fully set forth herein.

27. Pursuant to the provisions of ERISA and the Agreements, Defendant is required to timely pay and remit benefit contributions and/or reports to the Funds, for so long as Defendant remains obligated to do so pursuant to the Agreement.

28. Upon information and belief, Defendant has failed to timely pay and/or remit benefit contributions to the Funds, and is currently in breach of its statutory obligations under

ERISA Defendant's conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory provisions.

29. The Funds have no adequate remedy at law to insure that Defendant will continue to adhere to its statutory obligations.

30. As a result of Defendant's omissions and breaches of contract, the Funds may be required to (a) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plan, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide said beneficiaries the benefits provided under the plan, notwithstanding Defendants' failure to make their required contributions, thereby reducing the corpus of the Funds and endangering the rights of the employee beneficiaries on whose behalf contributions are being made, all to their substantial and irreparable injury.

31. The Funds will suffer immediate and irreparable injury unless Defendant its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports to the Funds and permit and cooperate in the conduct of audits for so long as Defendant remains obligated to do so pursuant to ERISA.

32. Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from violating ERISA by failing, refusing or neglecting to pay and/or remit the required contributions and/or reports to the Funds and requiring it to permit and cooperate in the conduct of audits for the term of Agreement.

**WHEREFORE,** plaintiff Funds demand judgment:

a. against Defendant for payment of all past due contributions in the amount of $164,178.27, plus any additional sums whaih have or become due for the period beginning January 1, 2016 to date.

b. against Defendant for payment of all contributions which become due during the pendency of this action;

c. against Defendant for accrued prejudgment interest, in an amount of no less than $14,529.84, on all contributions in accordance with the collective bargaining agreements and ERISA § 502 (g)(2);

d. against Defendants for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with the collective bargaining agreements and ERISA § 502(g)(2);

e. for an Order preliminary and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as it remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or remit the required monetary contributions and/or reports, in accordance with applicable Agreement;

f. for an Order preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and all persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise for so long as Defendant remains obligated to contribute to the Funds, from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreements;

g. for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
          December 29, 2017

                                      RAAB, STURM & GANCHROW, LLP

                                      By:  s/ Ira A. Sturm
                                             Ira A. Sturm (IS-2042)
                                             *Attorneys for Plaintiffs Funds*
                                             2125 Center Avenue, Suite 100
                                             Fort Lee, New Jersey 07024
                                             201-292-0150
                                             Fax: 201-292-0152
                                             isturm@rsgllp.com